
**SEALED**

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 05 2019

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAMON CARRILLO-RUVALCABA,<br>   a/k/a "THE BARBER"<br>EDUARDO CONTRERAS-DEVORA<br>DANIEL GOMEZ-BARAJAS<br>ROMAN IDEARTE-BOLANOS<br>ALBERTO JIJON<br>MIGUEL ANGEL PATRICIO-CAJERO<br>ISIDRO RAMOS-BOJORQUEZ,<br>   a/k/a "CHILO"<br>JESUS ROGELIO RAMIREZ,<br>   a/k/a "JESSE"<br>JONATHAN ROCAS-OSORIO,<br>   a/k/a OSCAR OSORIO-MUNOZ<br>ANA BELLA SANCHEZ-RIOS<br>RITCHIE TRIPLETT<br>ERNESTO VALENZUELA-FLORES,<br>   a/k/a JUAN FLORES-ARRELLANO | <u>SEALED</u><br><br>INDICTMENT<br><br>Criminal No. 5:19CR00008<br><br><u>In violation of</u>:<br>18 U.S.C. § 924(c)<br>18 U.S.C. § 1960(b)(1)(C)<br>21 U.S.C. § 841(a)<br>21 U.S.C. § 846 |

The Grand Jury charges that:

<u>COUNT ONE</u>
*21 U.S.C. § 846*
*Conspiracy to Distribute and to Possess With the Intent to Distribute*
*Cocaine Hydrochloride, Heroin & Marijuana*

1. Beginning on an unknown date, but no later than in or about January 2015, and continuing to in or about February 2019, in the Western District of Virginia and elsewhere, the defendants, RAMON CARRILLO-RUVALCABA, EDUARDO CONTRERAS-DEVORA, DANIEL GOMEZ-BARAJAS, ROMAN IDEARTE-BOLANOS, ALBERTO JIJON, MIGUEL

ANGEL PATRICIO-CAJERO, ISIDRO RAMOS-BOJORQUEZ, a/k/a "CHILO," JESUS ROGELIO RAMIREZ, a/k/a "JESSE," JONATHAN ROCAS-OSORIO, a/k/a OSCAR OSORIO-MUNOZ, ANA BELLA SANCHEZ-RIOS, RITCHIE TRIPLETT, ERNESTO VALENZUELA-FLORES, a/k/a JUAN FLORES-ARRELLANO, Jose Alfredo Santacruz-Godinez, Rogelio Santacruz-Godinez, Guadalupe "Lupe" Ibarra-Ayon, Eduardo "Lalo" Hernandez-Sanchez, and Hector "Yuca" Naal-Huchin, and others, known and unknown to the grand jury, did knowingly and intentionally conspire with each other and with other persons known and unknown to the Grand Jury to commit the following offenses against the United States: to distribute and to possess with the intent to distribute controlled substances, including cocaine hydrochloride, a Schedule II controlled substance, heroin, a Schedule I controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    a. With respect to DANIEL GOMEZ-BARAJAS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(b)(1)(B).

    b. With respect to ROMAN IDEARTE-BOLANOS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than one (1) kilogram of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

    c. With respect to ALBERTO JIJON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(b)(1)(B).

d. With respect to MIGUEL ANGEL PATRICIO-CAJERO, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(b)(1)(B).

e. With respect to ISIDRO RAMOS-BOJORQUEZ, a/k/a "CHILO," the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(b)(1)(B).

f. With respect to JONATHAN ROCAS-OSORIO, a/k/a OSCAR OSORIO-MUNOZ, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(b)(1)(B).

g. With respect to RITCHIE TRIPLETT, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(b)(1)(B).

*Manner and Means*

2. As part of the conspiracy, members and affiliates of the Jalisco New Generation Cartel (CJNG), a Mexican-based criminal organization controlling a significant portion of narcotics trafficking in Mexico, transported cocaine hydrochloride, heroin, and marijuana, and

other controlled substances, into the United States from Mexico.

3. As part of the conspiracy, CJNG recruited individuals from Mexico to reside in Axton, Virginia, and Winchester, Virginia, to facilitate the distribution of controlled substances from CJNG throughout the Mid-Atlantic region of the United States.

4. As part of the conspiracy, CJNG supplied the defendants and their coconspirators with cocaine hydrochloride, heroin, and marijuana to further those purposes.

5. As part of the conspiracy, the defendants and their coconspirators maintained a series of residential properties in and around Axton, Virginia, for the purpose of receiving, storing, packaging, and distributing multiple kilograms of cocaine hydrochloride and multiple pounds of marijuana they received directly from members and affiliates of CJNG.

6. As part of the conspiracy, the defendants and their coconspirators received multiple packages of 15 to 20 pounds of marijuana using the United States Postal Service and commercial delivery services sent from addresses in California to residential addresses in and around Axton, Virginia.

7. As part of the conspiracy, the defendants and their coconspirators received monthly shipments of 20 kilograms or more of cocaine hydrochloride at the residential addresses in and around Axton, Virginia.

8. As part of the conspiracy, the defendants and their coconspirators maintained and operated several different vehicles to facilitate the transportation of controlled substances.

9. As part of the conspiracy, the defendants and their coconspirators transported multiple kilograms of cocaine hydrochloride and multiple pounds of marijuana from Axton, Virginia, to Winchester, Virginia, where it was further distributed.

10. As part of the conspiracy, the defendants and their coconspirators received large

amounts of United States currency as payment for the controlled substances, and transmitted that currency to members and affiliates of CJNG based in Mexico.

11. All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
*18 U.S.C. § 924(c)*
***Possession of a Firearm in Furtherance of a Drug Trafficking Crime***

12. On or about July 19, 2018, in the Western District of Virginia and elsewhere, the defendant, EDUARDO CONTRERAS-DEVORA, did knowingly possess a firearm, that is, a Taurus 380 caliber handgun, in furtherance of a drug trafficking crime for which he may be prosecuted in the court of the United States, that is conspiracy to distribute and to possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

13. All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE
*18 U.S.C. § 1960(b)(1)(C)*
***Transmission of Funds Derived from Criminal Offense***

14. Beginning in or about May 2016, and continuing through in or about September 2018, in the Western District of Virginia and elsewhere, the defendant, ANA BELLA SANCHEZ-RIOS, did knowingly conduct, control, manage, supervise, direct, and own all or part of a money transmitting business that affected interstate and foreign commerce, and otherwise involved the transmission of funds that were known to the defendant to have been derived from a criminal offense, specifically drug trafficking, in violation of Title 21, United States Code, Section 841.

15. All in violation of Title 18, United States Code, Section 1960(b)(1)(C).

## NOTICES OF FORFEITURE

16. Upon conviction of the offense alleged in Count One, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including real property. The United States will seek a money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

17. Upon conviction of the offense alleged in Count Two of this Indictment, the defendant, EDUARDO CONTRERAS-DEVORA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Taurus 380 firearm, Serial Number 75641E.

18. Upon conviction of the offense alleged in Count Three of this Indictment, the defendant, ANA BELLA SANCHEZ-RIOS, shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to Title 18, United States Codes, Section 982(a)(1). The United States will seek a money judgment against the defendant equal to the value of any property, real or personal, involved in this offense, or any property traceable to such property.

19. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL this  5  day of March, 2019.

s/ Grand Jury Foreperson
FOREPERSON

FOR THOMAS T. CULLEN
UNITED STATES ATTORNEY

7